UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROCHELLE MARETTA-BROOKS,

                            Plaintiff,                    5:22-cv-1261 (BKS/ML)

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION and
MRS. HANLEY,

                            Defendants.
_____

**Appearances:**

*Plaintiff pro se*
Rochelle Maretta-Brooks
Syracuse, NY 13205

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

      Plaintiff Rochelle Maretta-Brooks filed this action, purportedly on behalf of herself and her minor children, F.B. and H.B. on a form complaint under the Americans with Disabilities Act. (Dkt. No. 1). Construed liberally Plaintiff appears to allege violations of: 18 U.S.C. §§ 241 (Conspiracy against Rights), 242 (Deprivation of Rights under Color of Law), 245 (Interference with Federally Protected Activities), 246 (Deprivation of Relief Benefits), 247 (Obstruction of Free Exercise of Religion), 249 (Hate Crime Acts), 1201 (Kidnapping) and assorted other crimes; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.; as well as a claim for denial of "access to records." (Dkt. No. 1).[1] Plaintiff also sought leave

---

[1] As noted by United States Magistrate Judge Miroslav Lovric, Plaintiff "also uses a number of disconnected phrases associated with criminal enforcement actions such as 'fraud,' 'theft,' 'Ponzi scheme,' 'embezzlement,' 'tax evasion,' and 'kidnapping' without any factual allegations associate with those terms. (Dkt. No. 5, at 8).

to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on March 27, 2023, granted Plaintiff's application to proceed IFP only for the purposes of filing, and issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed with leave to replead only to the extent that it asserts claims against the Social Security Administration for denial of access to records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(3) or the Privacy Act, 5 U.S.C. § 552a(d)(1). (Dkt. No. 5). Judge Lovric further recommended that Plaintiff's complaint be dismissed without leave to replead all other claims raised in the complaint, including all claims against defendant Ms. Hanley and all claims purportedly raised on behalf of minor children F.B. and H.B. (*Id.*). Plaintiff was informed that she had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 16). Plaintiff did not file an objection to the Report-Recommendation.

    As no objection to the Report-Recommendation has been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, with one exception, the Court adopts the Report-Recommendation.

    For these reasons, it is hereby

    **ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 10) is rejected insofar as it recommends denying Plaintiff an opportunity to file an amended complaint with respect to her RICO claim against Mrs. Hanley,[2] but is otherwise **ADOPTED**; and it is

---

[2] The Report-Recommendation correctly found that "to the extent that Plaintiff attempts to allege a RICO claim against Mrs. Hanley in her individual capacity, Plaintiff fails to allege any facts plausibly suggesting the existence of an

further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITH LEAVE TO REPLEAD** only to the extent that it asserts a RICO claim against Mrs. Hanley in her individual capacity and a claim against the Social Security Administration for denial of access to records pursuant to the FOIA or the Privacy Act; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED WITHOUT LEAVE TO REPLEAD** all other claims raised in Plaintiff's Complaint, including all claims purportedly raised on behalf of minor children F.B. and H.B.; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Plaintiff is reminded that the amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks and citations omitted)). Any amended complaint should contain all factual allegations relevant to Plaintiff's claims, and the paragraphs should be correctly numbered. It is further

**ORDERED** that if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Lovric for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case; and it is further

---

'enterprise'" or "pattern of racketeering activity" "within the meaning of RICO." (Dkt. No. 5, at 10). While the Court is skeptical as to whether there is any viable basis to amend, in recognition of Plaintiff's status as a pro se litigant and because it may be possible for Plaintiff to state a cognizable claim with better pleading, Plaintiff is granted leave to amend her RICO claim as to Mrs. Hanley.

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>April 21, 2023</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge